RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s conclusion that Plaintiff Jennifer Westendorf failed to raise a material issue of fact in conjunction with her claim of hostile work environment due to sexual harassment. I do not agree with the majority’s conclusion that Wes-tendorf raised a material issue of fact in conjunction with her claim of retaliation.
Background
Westendorf contends that she was terminated by Mario Ramirez, the president of her employer, West Coast Contractors of Nevada, Inc. According to Westendorf, Ramirez terminated her in retaliation for her continued complaints of sexual harassment.
This case involved two discrete sessions involving Ramirez’s attempts to resolve Westendorfs complaints. The first occurred on July 14, 2008. Ramirez hired a court reporter to memorialize the meeting, then separately questioned Westen-dorf, her supervisor and her co-worker, who were allegedly creating a hostile work environment by engaging in sexually harassing conduct. After hearing from the involved parties, and even though the complained of conduct did not rise to the level of sexual harassment, Ramirez took corrective action. He warned both Wes-tendorfs supervisor and co-worker that they faced discipline, up to and including termination. Ramirez also withheld a bonus that he had previously planned to give Westendorfs co-worker.
The second session occurred after Ramirez returned from vacation approximately two weeks later. This session was precipitated by a conflict between Westendorf and her supervisor regarding Westendorfs unilateral decision to inform a subcontractor that none of the company’s employees would attend the subcontractor’s social event because they would all be attending the wedding of her supervisor’s daughter. Ramirez explained in his deposition that Westendorf acted inappropriately by depriving company employees of the opportunity to decide individually whether to attend the subcontractor event to maintain good business relations.
When her supervisor reprimanded her verbally for her inappropriate action, Wes-tendorf responded, “I’m tired of this crap” and left, even though she was supposed to attend a meeting that was about to commence. Westendorf then appeared at Ramirez’s office to inform him about incidents that had occurred while Ramirez was on vacation. Ramirez inquired about the most immediate conflict regarding the subcontractor event. Rather than responding directly, Westendorf began to explain by way of example that her supervisor had a binder in front of him and, when she gave him a piece of paper, he told her to put the paper in the binder rather than putting the paper inside the binder himself. Ramirez informed Westendorf that she should comply if her supervisor instructed her to perform a job-related task. Ultimately, Westendorf left the premises. Ramirez took the position that Westendorf resigned, while Westendorf maintained that she was terminated.
Legal Standards
In reviewing the summary judgment ruling, we view the evidence in the light most favorable to Westendorf, the non-moving party. See Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532 (9th Cir.2011). We must determine whether the evidence so viewed raised a material issue of fact, *425 thereby precluding summary judgment. See id.
In determining whether a material issue of fact has been raised on a retaliation claim, we apply the familiar McDonnell Douglas standard.[1] See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). Under that standard, the Plaintiff must first establish a prima facie case of retaliation. See id.
Discussion
I do not quarrel with the majority’s conclusion that Westendorf established a prima facie case of retaliation, because viewed in the light most favorable to Wes-tendorf, she engaged in protected conduct when she met with Ramirez on July 29 to report what she perceived as retaliatory' conduct. See Villiarimo v. Aloha Island Air, 281 F.3d 1054, 1064 (9th Cir.2002) (recognizing an internal complaint of harassment as protected activity). According to Westendorf, she was terminated immediately following her report. See id. at 1065 (noting that adverse action in close proximity to the protected conduct may establish a prima facie case of retaliation). However, I do quarrel with the majority’s attempt to include the pre-July 14 events in the retaliation analysis.
It is undisputed that following the July 14 session, Ramirez counseled Westen-dorfs co-worker and her supervisor. In addition, Ramirez withheld a bonus that was intended for Westendorfs co-worker. Because the pre-July 14 complaints were addressed by Ramirez, they are no longer part of the McDonnell Douglas paradigm. See Dawson v. Entek Intern., 630 F.3d 928, 940 (9th Cir.2011) (explaining that the employer has no liability for asserted harassment that has been remediated). Rather than dwelling on remediated complaints, we proceed to the balance of the analysis for the retaliation complaint: Once the plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the defendant to articulate a “legitimate, non-retaliatory reason for the adverse action---- [T]he plaintiff must then show that the asserted reason was a pretext for retaliation.... ” Cohen, 686 F.2d at 796 (citations omitted). In assessing whether the employer’s reason for the action is pretextual, “it is not important whether [the proffered justification is] objectively false,” i.e., whether Westendorf was actually insubordinate. Villiarimo, 281 F.3d at 1063 (internal quotation marks omitted) (emphasis in the original). “Rather, courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish, or trivial or even baseless.... ” Id. (citation and internal quotation marks omitted). If the employee presents no evidence that the employer did not believe its proffered justification, summary judgment in favor of the employer is warranted. See id.
I completely agree with the district court’s alternative holding that Westendorf offered no evidence of pretext. The majority attempts to counter the district court’s holding by remarking that Ramirez offered no evidence of his reason for terminating Westendorf because Ramirez denied terminating her. However, the majority cannot have it both ways. If the evidence is to be interpreted in favor of Westendorfs assertion that she was terminated, that inference of termination remains throughout the analysis. In any event, Ramirez testified that even though he thought Westendorf had resigned, he declined her request for reinstatement due to her insistence that she did not have to follow the directions of her supervisors. Ramirez specifically testified that he *426 “would not have somebody who is going to work for me” where that person is not willing to follow instructions from her supervisors. He expressly stated that was the reason he would not let Westendorf return to his company. Whether characterized as a termination or a failure to reinstate employment after a resignation, the record is crystal clear and unrefuted that Ramirez proffered Westendorfs stated defiance of supervisory authority as the basis for the adverse employment action.
The majority further attempts to bolster Westendorfs case by suggesting that “her prima facie case and related inferences might well support a finding of pretext.” Majority Opinion, p. 424. (emphasis added). The majority cites Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) as support. However, the referenced opinion note does not state that a prima facie case and related inferences “might well support a finding of pretext.” Rather, the note states that the evidence from the prima facie case “and inferences properly drawn therefrom may be considered by the trier of fact” in deciding whether the employer’s proffered explanation is a pretext. The note goes on to explain: “Indeed, there may be some cases where the plaintiffs initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant’s explanation.” Id. (emphasis added).
It is understandable why the majority failed to include the entirety of the referenced note because the facts of this case diverge considerably from the scenario described in the note. The cross-examination of Ramirez simply reinforced his testimony that he declined to reinstate Westendorf because she persisted in her refusal to follow directions from her supervisors. The proffered explanation was never challenged in any way as pretextual. This lack of evidence of pretext supports entry of summary judgment in favor of the employer. See Villiarimo, 281 F.3d at 1063 (affirming the district court’s entry of summary judgment in favor of the employer because the employee “presented no evidence that [the employer] did not honestly believe its proffered reasons”).
Conclusion
Even after viewing the evidence in the light most favorable to Westendorf, she failed to raise a material issue of fact that the reasons Ramirez proffered for the adverse employment action were pretextual. For that reason, I would affirm in its entirety the district court’s judgment in favor of the employer. I respectfully dissent from that portion of the majority opinion reversing the judgment on Wes-tendorfs retaliation claim.

. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).